## F. Y. HARWELL V. THE STATE.

No. 23215. Delivered November 14, 1945.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 2, 1946.

The opinion states the case.

*Thomas & Thomas,* of Big Springs, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of cattle. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction. With this contention we are unable to agree. It was the State's theory that appellant, who was taking care of B. J. Williams' cattle, had disposed of them and then substituted some other cattle including those in question. It was appellant's contention that the cattle which he pointed out to Williams and which he assisted him in loading into the trailer belonged to Williams but that Williams, after having sold them, came back and took the cattle in question and disposed of them. There is no evidence to support this contention.

In order that this opinion may more clearly disclose the evidence supporting the theories advanced by both the State and the appellant, we deem it necessary to briefly state the salient facts proved on the trial. The record shows that Williams and appellant became acquainted about the year 1941, when both were working at the Aviation Field near Waco. Williams was a mechanic and had not had any experience with the cattle business, while appellant had and was then engaged in the same in a small way. The State's evidence further shows that in the year 1943, appellant had leased two or three small pastures located near Walnut Springs in Bosque County upon which he had some cattle; that in October or November of said year he entered into an agreement with B. J. Williams, who lived near McGregor, to permit him to pasture some cattle at a specified sum; that Williams purchased a total of nineteen cattle, some of which he acquired from Jeff Knight, some from one Massie, and three from appellant; that these cattle were placed in the appellant's pasture with the agreement that he would take care of them.

Mr. Day, who lived near the road leading from the Knight pasture to the appellant's home, saw appellant and another man whom he did not know, driving two cattle at about 1:00 P. M. on the day in question; that they were going toward the home of appellant; that although he did not give any particular attention to the cattle, still the cow which they were driving fitted the description of Jeff Knight's cow; that he did not notice any difference in that cow and the one which Knight recovered a few days later. The State's testimony further shows that the two cattle driven to appellant's home on the day in question were loaded into a trailer and carried by Williams to Stephenville, some forty miles away, arriving there between three and four o'clock. That Williams did not carry any cattle to Glen Rose in the morning of the day in question is reasonably well shown by the testimony of both Williams and the appellant. Both of them testified that Williams came to appellant's home early in the morning of the day in question and remained there until appellant had finished the work in which he was engaged and then they went to the Jeff Knight pasture and drove the two head of cattle from the pasture to the appellant's home. There is not any testimony from any source that Williams had the use of appellant's trailer until the cattle were loaded therein at one o'clock in the afternoon. Consequently Williams did not carry any cattle to Glen Rose in appellant's green trailer on the morning of the day in question and sell them there; and, there is not any evidence from any source that he sold any other cattle on that afternoon except the two in question.

The State also proved that the case was originally set for trial on November 14th but for some reason it was postponed and reset for December 18th; that after the case was postponed and when Williams and his wife were in their car going to the home of her parents at McGregor, appellant overtook them, caused them to stop and told Williams not to appear against him; that if he did so he (appellant) may have to go to the pen but when he came back, "he knew only one way to do," and that was just to hunt him down like a dog and shoot him. On December 18th the case was continued until the April term, 1945, of said court at which time it was set for trial on the 16th day of said month. On the 10th day of April, 1945, appellant appeared in the town of Hobbs, New Mexico, found Williams and told him about the setting of the case and that he had better go somewhere else and get out of the state until the trial was over. He told Williams to go to Oklahoma or any other place so he would not be available as a witness. Appellant admitted that he overtook Williams and his wife on November 14th, but denied that he threatened him. He also admitted that he was at Hobbs, New Mexico, but denied that he urged Williams not to appear as a witness.

Appellant takes the position that since a complaint was made against Williams charging him with the theft of the cattle in question when it was first discovered that he had sold them at Stephenville but which did not eventuate in an indictment, that this constituted him an accomplice witness within the purview of the statute, and that therefore a conviction could not be legally sustained on his testimony unless there was evidence other than that of the accomplice which tends to connect him with the commission of the offense charged. We are unable to agree with appellant that the evidence shows Williams to have been an accomplice witness as a matter of law. However, the court, after properly defining the term "accomplice" in his charge to the jury, submitted to them the issue of whether or not Williams was an accomplice witness. The jury found, and we think not without evidence as a basis for their conclusion, that Williams was not an accomplice witness; that since he was not an accomplice witness, the conviction may rest upon his testimony. However, if it should be conceded for the sake of argument that he was an accomplice witness within the purview of the law, still there was sufficient evidence from other sources to corroborate him on the material criminative facts testified to by him.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.